## Case No. 10,569a.

### The ORIENTAL.

[2 Flip. 6; 23 Int. Rev. Rec. 26; 4 N. Y. Wkly. Dig. 70; 9 Chi. Leg. News. 134; 5 Am. Law Rec. 628; 1 Cin. Law Bul. 373.] [1]

District Court, N. D. Ohio. Dec., 1876.

ADMIRALTY—SETTING ASIDE DECREE AT SUBSEQUENT TERM.

[Cited in Allen v. Wilson, 21 Fed. 884, to the point that in admiralty the court will not, on mere motion, at a subsequent term, set aside a decree made at the hearing.]

---

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission. 4 N. Y. Wkly. Dig. 70, contains only a partial report.]

[This was a libel in admiralty by Charles N. Russell and others against the schooner Oriental. A decree was entered in favor of the libellants, and the cause is now heard on a motion to have that decree set aside on the ground of surprise.]

Newberry, Pond & Brown, for motion.

Ingersoll & Williamson and Willey, Terrell & Sherman, contra.

WALKER, District Judge. At the January term, 1876, of this court (on 23d February), this came on for trial on the issue, the respondents and claimants or their proctors not being present, the libellant demanding a trial, the same was had and a decree entered for the libellant. Notice of appeal was entered by order of the court on behalf of claimants and respondents. No appeal was taken. Afterward, at the April term, 1876, of this court, to wit: On the 4th day of May, the claimants and respondents filed a motion to set aside the decree, for the reason that the hearing upon which the same was rendered, and its rendition was a surprise upon the respondents and proctors in the cause. This cause was commenced on the 3d day of October, A. D. 1870; the claim of the respondents and their answer were filed on the 21st day of November, A. D. 1870, and had been continued from term to term until the term at which it was tried. Numerous affidavits are filed in support of the motion, and also affidavits against it. It appears in substance from the affidavits of the respondents, that their proctors resided at Detroit, and those of the libellants at Cleveland. That Moore and Griffin, who reside at Detroit, as proctors for the libellants, had served notice upon respondent's proctors to take depositions at Detroit in 1873 and in 1874; that depositions were taken under that notice by Moore and Griffin; that ever since this cause was commenced the proctors of the respondent had the constant assurance from Mr. Moore, one of the firm, that notice would be given them of the trial of the causes and that reliance was placed upon that assurance, and no such notice was ever given. It also appears that Moore and Griffin were only employed to take the testimony at Detroit, and were not present at the trial or knew of it, that trial being conducted by the proctors of record at Cleveland. Affidavits were also presented by libellants, tending to show notice of intent to demand trial at the January term; and others on behalf of respondents denying any notice. No allegations are made of any fraud practiced by libellants or their proctors, except the failure of Moore to give notice to respondents' proctors of intent to demand a hearing, nor does it appear that the proctors of record at Cleveland had any knowledge of the arrangement with Moore as stated.

But the view I take of the motion makes it unnecessary to consider the affidavits on either side. The motion is made after the term at which the trial was had and decree entered. Can a decree be thus set aside at a subsequent term of the court? Or should a motion for that purpose be considered when not filed at the term? There are numerous authorities for setting aside decrees pro confesso in chancery obtained by fraud at a subsequent term, but only on petition filed in regular form for that purpose, and on which evidence can be taken in the regular way to establish the fraud. But I find no case in admiralty where a decree on a hearing was set aside on motion at a subsequent term. By general admiralty rules 29 and 40, it is provided that the court may, in its discretion, upon the motion of the defendant, and payment of costs, rescind a decree in any suit in which on account of his contumacy and default the matter of the libel shall have been decreed against him, and grant a rehearing thereof at any time within ten days after the decree has been entered. In an early case,—The Illinois [Case No. 7,003],—Judge Wilkins, of the Eastern district of Michigan, refused to set aside a decree after the lapse of ten days, in a case where the decree had been entered up in the absence of the respondent or his proctor, who was at the time engaged in trying a case in one of the country circuits, holding that he had no power to do so after the lapse of ten days. This rule was adopted in the case of Northrup v. Gregory [Id. 10,327], by Judge Longyear, of the same district, holding that a motion to open a decree in admiralty entered by default must be made within ten days after the entry of the decree. These decisions, in a recent case decided by Judge Brown,—Thompson v. Carson [Id. 13,948],—of the same district, were cited and approved by him. The general rule is that after the adjournment of the term, courts have no power to change their judgment, or decree on a mere motion. Other machinery has been devised in the law to correct errors at subsequent terms which must be used for that purpose. This motion, not having been filed until after the adjournment of the January term, cannot therefore be granted and must be overruled.

[NOTE. The appeal taken in this case was dismissed as not having been taken in time. Case No. 10,570.]